**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID AMEZCUA,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, its agent(s). Its successors and assigns, all persons claiming to have legal equitable lien and estate in the subject property: 10128 Orange Street, South Gate, California 90280; et al.,<br><br>             Defendants - Appellees. | No. 11-55594<br><br>D.C. No. 2:09-cv-09412-JST-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

David Amezcua appeals pro se from the district court's order dismissing his action arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Amezcua's action for repeatedly failing to comply with the court's orders to file a joint report under Fed. R. Civ. P. 26(f), despite being warned that the failure to do so could lead to dismissal. *See id.* at 642-43 (discussing factors relevant to dismissal for failure to comply with a court order).

The district court did not abuse its discretion by denying Amezcua's motion for reconsideration because Amezcua failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)).

The district court did not abuse its discretion by denying Amezcua's application for default and default judgment. *See* Fed. R. Civ. P. 55(a)-(b); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

Amezcua's contention that the district court lacked subject matter jurisdiction based on diversity is unpersuasive because the district court had federal question jurisdiction as Amezcua alleged claims arising under federal law. *See* 28 U.S.C. § 1331 (federal question jurisdiction).

In light of our conclusion regarding the district court's dismissal for failure to comply with court orders, we do not consider Amezcua's contentions concerning the merits of his case.

**AFFIRMED.**